DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted permanent custody of George B., Jr. to appellee the Lucas County Children Services Board ("LCCSB") and terminated the parental rights of appellant George B., Sr., the natural father of George B., Jr.
Appointed counsel, Charles S. Rowell, Jr., has submitted a request to withdraw as counsel for appellant pursuant to Andersv. California (1967), 386 U.S. 738. In support of his request, counsel for appellant states that after reviewing the record on appeal and researching the case and statutory law relating to potential issues disclosed by the record, he has been unable to find any appealable issues. Counsel for appellant does, however, set forth the following potential assignment of error:
 "Whether the Lucas County Children Services had proved by clear and convincing evidence that George, Jr. should not be placed with either parent."
 Anders, supra and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court notes further that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
On May 8, 1998, LCCSB filed a complaint in dependency and neglect seeking permanent custody of George B. who was born on April 21, 1998. In that complaint, appellee alleged that George B.'s mother, Doris J., had a long history of cocaine abuse and neglect of another child, Charlene J., born on October 17, 1988; that at the time of Charlene's birth both Charlene and Doris tested positive for cocaine; that Charlene has stated that she is aware of her mother's drug activities; that Doris has a history of leaving Charlene for extended periods of time with inappropriate care givers; that on April 21, 1997 the court found Charlene to be a dependent and neglected child and awarded LCCSB temporary custody of her; that in Charlene's case, Doris has not complied with the terms of the case plan, has not participated in substance abuse treatment and has not maintained contact with Charlene; and that on January 23, 1998, appellee filed a motion for permanent custody with regard to Charlene. The complaint further alleged that Doris continues to abuse drugs; that at the time of George's birth she tested positive for cocaine and alcohol; and that Doris was then residing in a purported "crack house." Finally, the complaint alleged that George's father, appellant George B., Sr., was then incarcerated on three felony charges; has a history of substance abuse; that his current incarceration is for using drugs while on probation; and that he has used drugs while out of jail on a "pass." After an emergency shelter care hearing of the same day, the lower court awarded temporary custody of George B. to appellee.
On July 1, 1998, the court proceeded with the adjudication hearing with regard to George B. Although George B., Sr., was transported to court and was represented by counsel, Doris J. did not appear, despite notification. Her counsel therefore filed a motion to withdraw, which the court granted. Appellee then called Su Drake, an ongoing caseworker with LCCSB, to testify. Drake stated that George B. was born on April 21, 1998 approximately seven weeks premature and that he tested positive for cocaine. After George B.'s birth, Drake visited Doris in the hospital after receiving a referral from St. Vincent Hospital. During the interview, Doris admitted that she had smoked crack cocaine approximately twenty-four hours before George B. was born. She also indicated that she did not have any provisions for George's care. Doris further stated that George's father, appellant herein, was incarcerated in the Correctional Treatment Facility for breaking and entering, theft of a firearm and attempted burglary. Drake then testified regarding her interview of appellant. Appellant also has a history of substance abuse and, at the time of the interview, indicated that his probation was about to be violated because he used drugs while in the Correctional Treatment Facility.
At the conclusion of the adjudication hearing, the court found George B. to be dependent and neglected. The court then proceeded to the dispositional hearing, in both the George B. and the Charlene J. cases, at which the court heard the following testimony.
Taundra Ezell, an assessment counselor at Compass, testified that Doris was first assessed by Compass in 1997 when it was determined that she needed inpatient treatment. Thereafter, however, Doris left the inpatient facility after one day. In May 1998, Doris was reassessed and referred for outpatient treatment. Again, she only participated in one day of the program. The assessments revealed that Doris has been spending $200 to $300 per week on crack cocaine for approximately eleven years, has been drinking alcohol daily (five to six forty-ouncers) for sixteen years and has occasionally smoked marijuana for five years. Ezell described Doris' substance abuse problem as significant. It was unclear how Doris afforded her drug habit given that she has no job or income. Finally, Ezell testified that she had not had any dealings with appellant.
Next, Su Drake testified with regard to disposition. Drake stated that she first became involved with Doris in November 1996, and that the circumstances surrounding her involvement included Doris' substance abuse problem, inadequate housing, Charlene's excessive absences from school and Doris' leaving Charlene with inappropriate care givers. The case did not immediately proceed to custody. Rather, Drake prepared a case plan which required Doris to find and maintain stable housing, to attend and successfully complete a drug treatment program, to assure Charlene's regular attendance in school, and to leave Charlene with appropriate care givers. By April 1997, however, Doris had not made any progress on her case plan and temporary custody of Charlene was awarded to appellee. In particular, Doris failed to complete the recommended treatment through Compass and failed to show up for a similar recommended treatment through SASI. Drake stressed to Doris the importance of completing the drug treatment programs but to no avail. Drake further stated that after LCCSB obtained custody of Charlene, Drake's contact with Doris was sporadic because she has not had housing and has not appeared for office visits. At the time of the hearing below, Doris still did not have permanent housing. With regard to George B., Sr., Drake testified that he is currently incarcerated on three felonies and has been sentenced to three years. Accordingly, Drake has not had the opportunity to observe whether he has adequate parenting skills. She also stated that appellant has a drug problem. Drake also testified that she has investigated the possibility of placing the children with a relative but has found no relative that would be appropriate, that the children were at that time in prospective adoptive homes and that in her opinion both children were adoptable. Finally, she recommended that LCCSB be awarded permanent custody of these children for purposes of adoption.
Appellee called no other witnesses but moved to admit into evidence a certified copy of appellant's criminal history. Appellant did not object to that admission. That history reveals that on June 2, 1998, appellant was sentenced to three years incarceration after his community control sanction was revoked. Appellant was originally convicted of theft of a firearm, breaking and entering and attempted burglary. On August 12, 1997, he was sentenced to a total of four years and five months incarceration. That sentence, however, was suspended and appellant was placed on community control for four years under the following conditions: that he serve the first six months at the Corrections Center of Northwest Ohio ("CCNO"); that he serve the second six months at the Correctional Treatment Facility; that he submit to periodic urinalysis; that he seek and maintain gainful employment; and that he use no drugs or alcohol. He was remanded to CCNO that same day. Thereafter, although the record does not indicate a modification in his sentence, it does indicate that on September 25, 1997, appellant was remanded to the Correctional Treatment Facility to begin serving that portion of his sentence. Subsequently, however, on December 12, 1997, appellant's sentence was modified. His six month sentence at the Correctional Treatment Facility was terminated and he was ordered to serve an additional six months at CCNO. Thereafter, in May 1998, appellant was charged with a probation violation/ community control violation, which he admitted in a hearing of June 2, 1998. Although the docket sheet from this proceeding does not specify the nature of the violation, the evidence in the proceedings below reveals that appellant violated the prohibition on drug use.
In addition to the above evidence, the trial court reviewed the report and recommendation of the guardian ad litem. In that report, and in her testimony before the court, the guardian recommended that permanent custody of George B. be awarded to LCCSB.
Based on this evidence, the trial court terminated appellant's parental rights and granted permanent custody of George B. to LCCSB. On September 23, 1998, the court filed a judgment entry in which it found pursuant to R.C. 2151.414.(B)(1) and R.C. 2151.414(E)(2), (4) and (12), by clear and convincing evidence, that the children cannot and should not be placed with either parent within a reasonable period of time and that, pursuant to R.C. 2151.414(D), an award of permanent custody to LCCSB is in the children's best interest. With regard to appellant, the court determined that he was incarcerated and could not provide for George B. It is from that judgment that appellant appeals.
In his sole potential assignment of error, appellant questions whether LCCSB proved by clear and convincing evidence that George B., Jr., should not be placed with either parent.
R.C. 2151.414 provides in pertinent part:
 "(B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 "(1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
"* * *
 "(D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
"(3) The custodial history of the child;
 "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
"* * *
 "(2) * * * chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
"* * *
 "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
"* * *
 "(7) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing;
"* * *
"(12) Any other factor the court considers relevant."
Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469.
This court has thoroughly reviewed the record of the proceedings below and, upon consideration thereof, finds that the trial court's conclusion that George B., Jr., cannot be placed with either parent within a reasonable period of time and should not be placed with either parent was supported by clear and convincing evidence. Appellant herein has an extensive criminal record and at the time of the hearing below had recently begun serving a three year sentence. Although appellant's trial counsel argued to the court that appellant was hoping to be released on shock probation, the court expressed its doubt that such would be granting given appellant's record and drug problems. We further find clear and convincing evidence to support the trial court's conclusion that granting permanent custody of George B., Jr., to LCCSB is in the child's best interest.
Appellant's potential assignment of error is therefore not well-taken.
Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J., JUDGE
 _______________________________ Melvin L. Resnick, J., JUDGE
 _______________________________ Mark L. Pietrykowski, J., JUDGE
CONCUR.